FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 0 1 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ROBERT KINLEY,

                Petitioner,

**MEMORANDUM & ORDER**
08 CV 1893 (MKB)

v.

CHRISTOPHER ARTUZ, Superintendent,
Greenhaven Correctional Facility,

                Respondent.

---------------------------------------------------------------x

BRODIE, United States District Judge:

      Petitioner Robert Kinley brings the above-captioned petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction after a jury trial in New York Supreme Court, Kings County for murder in the second degree (depraved indifference). Petitioner was sentenced to 25 years to life. Petitioner appealed his conviction to the New York Appellate Division, Second Department, raising two claims: (1) the evidence at trial could only support a conviction for intentional murder and was legally insufficient to support a conviction for depraved indifference murder; and (2) trial counsel was ineffective for failing to move to dismiss the depraved indifference murder count. The Appellate Division rejected Petitioner's claims and affirmed his conviction, finding his legal insufficiency claim unpreserved and his ineffective assistance of counsel claim without merit. *People v. Kinley*, 824 N.Y.S.2d 720 (App. Div. 2006). The New York Court of Appeals denied leave to appeal.

1

*People v. Kinley*, 8 N.Y.3d 987 (2007). Petitioner raises both claims in the instant petition. For the reasons set forth below, the petition is denied.

## I. Background

The evidence at trial showed that on October 19, 2002, Petitioner was supposed to meet Nathalie Lodge at a party. (Resp't Aff. ¶ 3.) Petitioner and Lodge were dating, and he had the keys to her apartment. *Id.* When Petitioner did not show up at the party, Lodge went to her cousin's house. *Id.* In the early hours of October 20, Petitioner picked up Lodge at her cousin's house, and they went to Lodge's apartment. *Id.* At Lodge's apartment, Petitioner and Lodge got into an argument that led to a physical fight. *Id.* at ¶ 5. Petitioner strangled Lodge, causing her death. *Id.* at ¶¶ 3, 5. Later that day, Lodge's family and friends were trying to get in touch with her and called her apartment. *Id.* at ¶ 4. Each time they called, Petitioner picked up the phone and claimed that Lodge had left early and gone shopping with friends. *Id.* That night, when Lodge had not picked up her daughter from her cousin's house, her family called the police. *Id.* Lodge's body was found in her own apartment, which appeared to have been ransacked. *Id.*

The next day Petitioner was arrested during the course of an undercover "buy and bust" operation near Port Authority. *Id.* at ¶ 5. When he arrived at the police station, Petitioner informed the detective that a wanted poster displayed in the front of the station was a picture of him. *Id.* Petitioner was transferred to the 81st Precinct in Brooklyn, where he made oral and videotaped statements, admitting that he had killed Lodge. *Id.* Petitioner told the police that Lodge's death was an accident that occurred during a heated physical argument. *Id.* At trial, the medical examiner testified that Petitioner had used a belt and a plastic bag to suffocate Lodge. (Tr. 381.) The medical examiner also testified that, based on popped blood vessels and other

physical evidence, it appeared that Petitioner had held Lodge by the throat for several minutes before releasing her. *Id.* at 380–81.

Petitioner was charged with two counts of murder in the second degree under two separate theories—intentional murder and depraved indifference murder. (Resp't Aff. ¶ 6.) At trial, Petitioner's counsel repeatedly argued that the evidence could not support a finding of intentional murder. (Tr. 417, 426.) At the charging conference, the People asked the court whether it would be able to argue both second degree murder theories to the jury—intentional and depraved indifference—or whether it would have to choose one of the two theories. *Id.* at 398. The court said that the People would be allowed to argue both theories. *Id.* at 398–99. Petitioner's trial counsel did not object. Petitioner was convicted of depraved indifference murder and sentenced to 25 years to life. (Resp't Aff. ¶ 8.)

Petitioner appealed his conviction, arguing that the evidence at trial was legally insufficient to support a conviction for depraved indifference murder and that he received ineffective assistance of counsel because his trial counsel did not move to dismiss the charge of depraved indifference murder. The Appellate Division found Petitioner's legal insufficiency claim unpreserved, declining to review it in the interest of justice, and his ineffective assistance of counsel claim without merit. *People v. Kinley*, 824 N.Y.S.2d 720, 720 (App. Div. 2006). The New York Court of Appeals denied leave to appeal. *People v. Kinley*, 8 N.Y.3d 987 (2007). Accordingly, Petitioner's claims are exhausted. *See* 28 U.S.C. § 2254(b)(1) ("An application for habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State.").

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For the purposes of federal habeas review, "clearly established law" is defined as the "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Legal Insufficiency of the Evidence

Under New York law, in order to properly preserve a challenge to the legal insufficiency of the evidence, "a defendant must move for a trial order of dismissal, and the argument must be 'specifically directed' at the error being urged." *People v. Hawkins*, 872 N.Y.S.2d 395, 399 (2008) (*quoting People v. Gray*, 86 N.Y.2d 10, 19 (1995)). Petitioner did not move to dismiss the depraved indifference murder count and raised his claim of legal insufficiency for the first time on his direct appeal.[1] The Appellate Division found Petitioner's claim unpreserved pursuant to New York's contemporaneous objection rule, CPL § 470.05, and declined to review it in the interest of justice. *Kinley*, 824 N.Y.S.2d at 720.

Federal courts are generally not permitted to review questions of federal law presented in a habeas petition, when the state court's decision rests upon a state law ground that "is independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 465 (2009) (*quoting Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state law ground is deemed "adequate" if the rule "is firmly established and regularly followed by the state in question." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (*quoting Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999)). It is well settled that New York's contemporaneous objection rule is an adequate and independent bar to federal habeas review. *Garcia*, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection

---

[1] Petitioner's claim that his legal insufficiency claim was preserved is without merit. (*See* Pet. Appellate Br. 21–22.) At the charging conference, the People asked the trial court whether, given the New York Court of Appeals decision in *People v. Gonzalez*, 775 N.Y.S.2d 224 (2004), they were required to choose between their two second-degree murder theories. (Tr. 398.) The trial court responded that the People would not be required to choose and could proceed with both theories. *Id.* at 398–99. Petitioner's trial counsel did not object. Even if Petitioner's trial counsel had objected, Petitioner's claim of legal insufficiency would not be preserved. In order to preserve his legal insufficiency claim, Petitioner was required to move to dismiss the depraved indifference murder count. *Hawkins*, 872 N.Y.S.2d at 399. Petitioner made no such motion.

rules."); *see also Williams v. Ercole*, No. 09 Civ. 363, 2011 WL 4944268, at *6 (E.D.N.Y. Oct. 12, 2011) (finding adequate and independent state law grounds where the petitioner failed to raise his legal insufficiency claim at trial); *Jones v. Marshall*, No. 08 Civ. 5793, 2011 WL 9386, at *9 (S.D.N.Y. Jan. 3, 2011) (same). Accordingly, Petitioner's legal insufficiency of the evidence claim is procedurally barred.

A federal court may review a claim that is procedurally barred by an independent and adequate state ground if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Cotto v. Herbert*, 331 F.3d 217, 239 n.10 (2d Cir. 2003) ("[A] habeas petitioner may also bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted.") (*quoting Dunham v. Travis*, 313 F.3d 724, 729 (2d Cir. 2002)). Petitioner has made no such showing.[2] Therefore, the Court is procedurally barred from reviewing Petitioner's legal insufficiency claim.

---

[2] Nor could Petitioner make such a showing. Presumably, Petitioner would argue that trial counsel's ineffective assistance of counsel, in failing to move to dismiss the depraved indifference murder count, establishes cause. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("Although we have not identified with precision exactly what constitutes 'cause' to excuse a procedural default, we have acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, as discussed in more detail below, the Court finds Petitioner's ineffective assistance of counsel claim to be wholly without merit. Petitioner's trial counsel did not err in failing to move to dismiss the depraved indifference murder count, but rather acted in accordance with Petitioner's trial strategy. Furthermore, the evidence at trial, namely Petitioner's written and videotaped statements, clearly establish that Petitioner killed Lodge. Petitioner has no claim of actual innocence and, therefore, failure to review his claim would not result in a miscarriage of justice.

### c. Ineffective Assistance of Counsel

In order to prove ineffective assistance of counsel, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. Where the state court has found that the petitioner received effective assistance of counsel, the Court reviews that decision under the deferential standard of AEDPA. 28 U.S.C. § 2254(d). When the state court summarily dismisses a claim on the merits, as is the case here, *Kinley*, 824 N.Y.S.2d at 720, the federal court reviews the state court's ultimate decision to determine whether it was an unreasonable application of clearly established federal law. *See Sellan v. Kuhlman*, 261 F.3d 303, 311–12 (2d Cir. 2001) ("[W]hen a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent."). "[T]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (*quoting Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009)).

Petitioner argues that he received ineffective assistance of counsel because his trial counsel failed to move to dismiss the depraved indifference murder count. (Pet'r Appellate Br. 22.) Specifically, his trial counsel should have moved to dismiss the depraved indifference murder count on the grounds that the evidence at trial could only support a conviction for

intentional murder, not for depraved indifference. *Id.* In reviewing a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bierenbaum v. Graham*, 607 F.3d 36, 51 (2d Cir. 2010) (*quoting Strickland*, 466 U.S. at 689).

The evidence at trial clearly established that Petitioner killed Lodge; the only remaining question was whether Petitioner intended to kill her. In order to avoid a second-degree murder conviction, Petitioner's counsel sought to convince the jury that Petitioner had not acted intentionally, and, though he may have been reckless, he was not reckless enough to establish depraved indifference. (Tr. 427–28.) Petitioner had told the police that he had a heated, physical argument with Lodge, during which he grabbed her by the throat until they both fell to the ground. (Resp't Appellate Br. 22–23.) Petitioner had also told police that Lodge "didn't deserve what [he] did to her." *Id.* at 23. During summations, Petitioner's counsel argued that Petitioner's actions could not constitute intentional murder, and, while he may have been "reckless," he was not reckless to the point of "depraved indifference." (Tr. 427–28.)[3] A motion to dismiss the deliberate indifference murder count, on the theory that the evidence at trial could only support a conviction for intentional murder, would have been inconsistent with trial

---

[3] New York's depraved indifference murder statute provides that a person is guilty of murder in the second degree when, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." N.Y. Penal Law § 125.25(2). At the time of Petitioner's trial, and at the time that his conviction became final, recklessness was the required mental state for depraved indifference murder. *Mannix v. Phillips*, 619 F.3d 187, 197–98 (2d Cir. 2010) (*citing People v. Register*, 60 N.Y.2d 270, 274 (1983)). Subsequently, the New York Court of Appeals overturned its pervious interpretation of the statute and explicitly held that "'depraved indifference to human life' is a culpable mental state." *People v. Feingold*, 819 N.Y.S.2d 691, 697 (2006).

counsel's strategy. Petitioner's trial counsel's strategy did not ultimately succeed but that does not mean that his representation was ineffective or that he erred in failing to move to dismiss the depraved indifference count. *See Wells v. Brown*, No. 06 Civ. 857, 2008 WL 2097612, at *5 (E.D.N.Y. May 15, 2008) ("The Sixth Amendment does not empower courts to 'second guess reasonable professional judgments' by counsel. . . . [A] decision justified by some plausible trial strategy, even if imprudent in hindsight, does not warrant relief.") (*quoting Jones v. Barnes*, 463 U.S. 745, 754 (1983)).

Even if Petitioner could establish that his trial counsel's performance fell below an objective standard of reasonableness, he cannot establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The evidence at trial was sufficient to support a conviction of depraved indifference murder. Petitioner's post-arrest statements provide evidence that, although he did not kill Lodge intentionally, he did kill her with depraved indifference. (Resp't Appellate Br. 36.) Petitioner told police that he grabbed Lodge by the throat and held her by the throat until they both fell to the ground. *Id.* Petitioner then left Lodge unconscious on the ground and took a nap. *Id.* Petitioner did not check to see if she was alive or if she needed any medical attention. *Id.* He just left her on the ground. *Id.* The jury could have concluded that Petitioner's actions were "marked by uncommon brutality—coupled not with an intent to kill, . . . but with depraved indifference to the victim's plight." *People v. Payne*, 786 N.Y.S.2d 116, 119 (2004). Given the evidence at trial, Petitioner cannot establish that there is a "reasonable probability" that had Petitioner's counsel moved to dismiss the depraved indifference charge, the outcome would have been different.

The state court's denial of Petitioner's ineffective assistance of counsel claim was not "contrary to" or an "unreasonable application of" clearly established federal law. Petitioner's claim for ineffective assistance of counsel is denied.

**III. Conclusion**

For the foregoing reasons, the petition for habeas corpus is denied and the Court will not issue a certificate of appealability. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 1, 2012
Brooklyn, NY

/S/
MARGO K. BRODIE
United States District Judge